**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
_____X
In re:

       Audrey Lawes,

                Debtor
_____X

       Audrey Lawes,

                Debtor and/or Plaintiff

          -against-

       Rushmore Loan Management Services, LLC,

                Defendant
_____X

Chapter 13
Case No. 17-73877

Adv. Pro. No. 18-08025

**MOTION FOR AN ORDER DISMISSING PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) OR 12(c) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 7012(b) OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 56 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 7056**

     Defendant Rushmore Loan Management Services, LLC ("Rushmore"), moves to dismiss or for judgment on the pleadings or in the alternative, moves for summary judgment on all causes of action in the above captioned adversary proceeding and states as follows in support:

**BACKGROUND**

1. On July 23, 2017, Audrey Lawes (the "Plaintiff") filed for bankruptcy protection under Chapter 13 of Title 11 of the Bankruptcy Code.

2. The Plaintiff owns real property located at 67 Tyrconnell Street, Amityville, NY 11701 (the "Property").

3. On February 20, 2018, Plaintiff commenced the instant adversary proceeding by filing a summons and complaint, whereby Plaintiff alleges claims of violations of the automatic stay as set forth in 11 U.S.C. 362(a), unfair and deceptive trade practices, unfair debt collection practices, violations of violations of FDCPA and violations of New York General Business Law §349 seeking a judgment for damages against Rushmore.

1

4. Rushmore now requests that the Court enter an order dismissing the instant complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted or for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) or in the alternative for a summary judgment pursuant to Federal Rule of Civil Procedure 56.

### THE SENDING OF INFORMATIONAL STATEMENTS CONTAINING DISCLAIMER LANGUAGE DOES NOT VIOLATE THE AUTOMATIC STAY.

5. Section 362(a) of the Bankruptcy Code operates as a stay against the commencement or continuation of a proceeding against a debtor that could have been commenced before the debtor filed bankruptcy. 11 U.S.C. § 362(a). Section 362(a) imposes a stay on "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of [the debtor's bankruptcy case]." 11 U.S.C. § 362(a)(6). In other words, Section 362(a)(6) prevents only in personam actions against the debtor and does not prohibit in rem foreclosures on non-estate property.

6. Section 362(k) provides for actual and punitive damages, including costs and attorneys' fees, for any willful violation of the § 362(a) stay. In order to recover under Section 362(k)(1), a debtor must prove five elements: "(1) that a bankruptcy petition was filed; (2) that the debtors are individuals under the automatic stay provisions; (3) that creditors received notice of the petition; (4) that the creditors' actions were in willful violation of the stay; and (5) that the debtor suffered actual damages." Burch v. Bank of Am., N.A. (In re Burch), 2011 Bankr. LEXIS 2931, at *6 (Bankr. D.S.C. July 26, 2011) (*citing* Lomax v. Bank of Am., N.A., 435 B.R. 362, 376 (N.D. W. Va. 2010) (*quoting* Grisard-Van Roey v. Auto Credit Ctr., Inc. (In re Grisard-Van Roey), 373 B.R. 441, 444 (Bankr. D.S.C. 2007)).

7. As a fundamental protection of the Bankruptcy Code, the stay provides debtors with temporary breathing space from the circumstances that brought them to file bankruptcy to begin with. As such, the stay protects debtors "not from communication with creditors, but from the threat of immediate action by creditors, such as a foreclosure or a lawsuit." Brown v. Penn. State Employees Credit Union, 851 F.2d 81, 86 (3d Cir. 1988).

8. "The discharge injunction does not prohibit every communication between a creditor and debtor — 'only those designed to collect, recover or offset any such debt as a personal liability of the debtor.'" In re Gill, 529 B.R. 31, 37 (Bankr. W.D.N.Y. 2015) (*quoting* In re Whitaker, 2013 Bankr. LEXIS 2328, at *25 (Bankr. E.D. Tenn. June 7, 2013)). "Determining whether communications with a debtor violate the discharge injunction is a 'particularly fact-intensive inquiry. . .'" Henriquez v. Green Tree Servicing, LLC (In re Henriquez), 536 B.R. 341, 345 (Bankr. N.D.Ga. 2015) (*quoting* Gill, 529 B.R. at 37). "While disclaimer language in a communication to a debtor who has received a discharge is always advisable, its absence does not automatically render the communication a per se violation of the discharge injunction." In re Whitaker, 2013 Bankr. LEXIS 2328, at *25.

9. "For a debt secured by a mortgage on residential real property, however, there are valid reasons to communicate information about the debt that have nothing to do with attempting to collect it against the debtor personally." Thomas v. Seterus Inc. (In re Thomas), 554 B.R. 512 (Bankr. M.D. Ala. 2016).

10. Communication of information regarding a residential mortgage debt is not an "act to collect" a debt if there is a valid purpose in communicating the information and if the communication itself is informational only; specifically, the communication cannot overtly demand payment or have the effect of coercing payment from the debtor. Connor v. Countrywide Bank, N.A. (In re Connor), 366 B.R. 133, 137-38 (Bankr. D. Haw. 2007). Furthermore courts have recognized that "the automatic stay does not prohibit the secured lender from giving information to the debtor that the debtor wants and needs." Id.

11. The "common factor" in cases where courts "find a violation of either the automatic stay or the discharge injunction by a mortgagee for loan related correspondence" is "a clear demand for payment of a prepetition debt accompanied by coercion in the form of threatened action or some other consequence for nonpayment, or harassment to induce the debtor to pay." In re Bell, 2014 Bankr. LEXIS 4717 at *13; (*see also* Elliott v. PHH Mortg. Corp., 2017 U.S. Dist. LEXIS 131885).

12. In order to violate the automatic stay, the creditor must demand payment from a debtor personally and that demand for payment must be accompanied by some form of coercion or harassment.

In the present case, there is no dispute as to (1) whether a bankruptcy petition was filed, (2) whether the Plaintiff was under the automatic stay protection, or (3) that Rushmore received notice of the petition. The analysis here hinges on (4) whether Rushmore's actions were in willful violation of the stay; and (5) whether the Plaintiff suffered actual damages. Rushmore's letter did not violate the automatic stay, as there was no demand for payment, the letter had no coercive effect on Debtor, and it was limited to a valid informational purpose only.

13.     Plaintiff's entire adversary complaint stems from an assertion that Rushmore mailed a loss mitigation letter directly to the Plaintiff in an attempt to collect a pre-petition debt. However, the Plaintiff's exhibit includes an incomplete copy of the loss mitigation letter. Attached as **Exhibit A** is a complete copy of the letter, which was actually mailed to the Plaintiff's counsel's office, not directly to the Plaintiff as purported in the Complaint. The complete letter includes specific disclaimer language which explicitly states that "if you are in Bankruptcy or received a Bankruptcy Discharge of this debt, this letter is being sent for informational purposes only, is not an attempt to collect a debt and does not constitute a notice of personal liability with respect to the debt."

14.     Courts have specifically found that this type of disclaimer language sufficiently establishes that the communication is not an attempt to collect a debt from the borrower personally. *See* In re Pennington-Thurman, 499 B.R. 329, 332 (8th Cir. BAP 2013) (Finding that statements and notices that included disclaimer language did not constitute attempts to collect a debt from the debtor personally and denying debtor's motion to reopen to seek sanctions for a discharge violation); *See also* In re Mele, 486 B.R. 546 (Bankr. N.D. Ga. 2013).

15.     Rushmore's communication with the Plaintiff clearly stated that it was for informational purposes only, no coercion or harassment was present, and Rushmore clearly made no attempt to collect a pre-petition debt. Furthermore, the letter does not even provide a total amount due, a monthly payment amount, a due date, or any financial figures at all. In fact, the loss mitigation letter does not provide Debtor with an option to pay the debt directly, even if she desired to do so, without first contacting a Rushmore loss mitigation representative. Therefore, the communication between Rushmore and the

Plaintiff was permissible and not in violation of the automatic stay under Section 362(a). Consequently, the Plaintiff's Complaint should be dismissed.

### **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED OR IN THE ALTERNATIVE PURSUANT TO FED. R. CIV. P. 12(C) FOR JUDGMENT ON THE PLEADINGS**

16.     Rushmore moves to dismiss the instant complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted or in the alternative pursuant to Federal Rule of Civil Procedure 12(c) or in the alternative for a judgment on the pleadings. Bankruptcy Rule 7012(b) makes FRCP 12(b)(6) applicable in this Adversary Proceeding. *See* Fed. R. Bankr. P. 7012(b).

17.     In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint must allege "enough facts to state a claim for relief that is plausible on its face." Vaughn v. Air Line Pilots Ass'n, Int'l, 604 F.3d 703, 709 (2nd Cir. 2010) (*citing* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Courts use a two-prong approach when considering a motion to dismiss. Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt., 712 F.3d 705, 717 (2nd Cir. 2013).   First, the Court must accept all factual allegations in the complaint as true.  Second, the Court must determine whether the pleaded factual allegations state a plausible claim for relief. Iqbal, 556 U.S. 662, 677- 679 (2009). "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] `not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

18.     For the Plaintiff's Complaint to survive Rushmore's motion to dismiss, the complaint must allege "a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC, 595 F.3d 86, 91 (2d Cir. 2010) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. at 555). To determine whether a plaintiff's claim is sufficient, the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew

5

of when bringing suit, or matters of which judicial notice may be taken. *See* Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

19. Further, although the Court accepts all the factual allegations in the complaint as true in determining such a motion, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Rather, to withstand a motion to dismiss, the "claims must be supported by specific and detailed factual allegations. . . ." Friedl v. City of New York, 210 F.3d 79, 85-86 (2d Cir. 2000) (*quoting* Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983)).

20. Plaintiff's Complaint against Rushmore alleges that Rushmore violated the FDCPA by taking certain actions in relation to the Property, in particular Plaintiff alleges that Rushmore mailed a letter directly to the Plaintiff, and that this letter attempted to collect a pre-petition debt, which violated the FDCPA. Plaintiff's complaint does not set forth how alleged actions or inactions of Rushmore violated the FDCPA and should therefore be dismissed for failure to state a claim.

21. In order to survive a motion to dismiss for failure to state a claim Plaintiff's complaint must "provide the "grounds' of [her] "entitle[ment] to relief," [which] requires more than labels and conclusion." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555. Pursuant to Fed. R. Civ. P. 8 the complaint must contain "factual allegations that are sufficient to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Anderson News, L.L.C. v. Am. Media, Inc., 680 F.3d 162, 182 (2d Cir. 2012) (*quoting* Twombly, 550 U.S. at 555). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Iqbal, 129 S. Ct. 1937 at 1950 *citing* Fed. Rule Civ. Proc. 8(a)(2). In this action Plaintiff's Complaint fails to sufficiently plead an actionable cause of action and must therefore be dismissed.

22. Further, in order to meet the minimum threshold for a claim under the FDCPA, Plaintiff must at a minimum satisfy the following requirements: (1) she has been the object of collection activity arising from consumer debt; (2) that Defendant is a "debt collector" as defined under the FDCPA; and (3) that Defendant committed some act or omission in violation of the FDCPA. *See* Ogbon v. Beneficial

Credit Servs., Inc._, No. 10 CV 03760 GBD, 2011 WL 347222, at *4 (S.D.N.Y. Feb. 1, 2011). The 2nd Circuit has not yet ruled as to whether actions to foreclose on a security interest are subject to FDCPA claims. *See* Boyd v. J.E. Robert Co., Inc., 765 F.3d 123, 125 n.3 (2d Cir. 2014) ("... we do not address the District Court's conclusion that the FDCPA does not apply to enforcements of security interests against property.") However, courts in this circuit have followed the position that a mortgage foreclosure action seeking recovery of the property does not constitute a debt collection under the FDCPA. *See* Carlin v. Davidson Fink, LLP, No. 13-CV-6062, 2015 WL 5794250, at *4 (E.D.N.Y. Sept. 30, 2015); Boyd v. J.E. Robert Co., No. 05-CV-2455, 2013 WL 5436969 (E.D.N.Y. Sept. 27, 2013); Derisme v. Hunt Leibert Jacobsen P.C., 880 F. Supp. 2d 311, 325 (D. Conn. 2012).

23. In order to sustain a claim under the FDCPA a plaintiff must establish first that the defendant is a debt collector under the meaning of the FDCPA. *See* Heintz v. Jenkins, 514 U.S. 291, 294 (1995). A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *See* 15 U.S.C. § 1692a(6).

24. As set forth above, the Plaintiff's cause of action against Rushmore fails because although Rushmore may be considered a "debt collector" as defined under the FDCPA, Rushmore made no attempts to collect a debt from the Plaintiff, so Rushmore was not acting as a "debt collector." Furthermore, Plaintiff's Complaint is based largely on a single, informational loss mitigation letter which was mailed to Plaintiff's counsel, not directly to the Plaintiff as purported in the Complaint, although the Plaintiff makes vague references to other "additional letters," to which there is no evidence. Finally, the Plaintiff's exhibits are deficient and failed to include the complete letter which was mailed, which included specific disclaimer language stating that the letter was for informational purposes only and was not an attempt to collect a debt, and also included a loan modification application. The Plaintiff's allegations of willful violations of the FDCPA by Rushmore are without merit and the Complaint should be dismissed accordingly.

25. In the alternative to its motion to dismiss or motion for judgment on the pleadings, Rushmore is entitled to summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 56, made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056, governs summary judgment motions. A court must grant such a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see* Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

26. Summary judgment is appropriate "where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." Jacobowitz v. The Cadle Co., 309 B.R. 429, 435 (S.D.N.Y. 2004); Fed. R. Civ. P. 56(a). A motion for summary judgment should be granted if "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party." Bundy Am. Corp. v. Blankfort (In re Blankfort), 217 B.R. 138, 143 (Bankr. S.D.N.Y. 1998) (*citing* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, (1986)). The Plaintiff's Complaint is solely based on an allegation of attempted debt collecting by Rushmore, when in fact, no debt collection occurred, and the alleged letter was for informational purposes only and included explicit disclaimer language stating that the letter was not an attempt to collect a debt.

27. Accordingly, for these reasons, Plaintiff's cause of action relating to alleged FDCPA violations should be dismissed.

**RUSHMORE DID NOT UNDERTAKE ANY DECEPTIVE ACTS OR UNLAWFUL PRACTICES, WAS NOT ATTEMPTING TO COLLECT ANY DEBT, AND THEREFORE DID NOT COMMIT ANY VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349**

28. New York General Business Law Section 349 states: "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." NY CLS Gen Bus § 349.

29. The New York State Court of Appeals has held that "Section 349 does not grant a private remedy for every improper or illegal business practice, but only for conduct that tends to deceive

consumers." Schlessinger v. Valspar Corp., 21 N.Y.3d 166, 2013 N.Y. (*See also* Gaidon v. Guardian Life Ins. Co. of Am., 94 N.Y.2d 330, 344 1999) (the statute prohibits acts "likely to mislead a reasonable consumer"). The Court continued to explain that Section 349

> cannot fairly be understood to mean that everyone who acts unlawfully, and does not admit the transgression, is being "deceptive." Such an interpretation would stretch the statute beyond its natural bounds to cover virtually all misconduct by businesses that deal with consumers. If the legislature had intended this result, it would not have enacted a statute limited to "[d]eceptive acts or practices" in the first place.

Schlessinger at 172-173.

30.     In this case, Plaintiff alleges a broad claim of deceptive practices against Rushmore, when in fact, Rushmore sent a single letter to Plaintiff's counsel which detailed loss mitigation options, including a loan modification application and also included specific disclaimer language stating that the letter was not an attempt to collect a debt and that it was for informational purposes only. Contrary to Plaintiff's assertions, the letter was not deceptive by any means, as evidenced by the attached **Exhibit A**. Furthermore, the Plaintiff is also claiming that she suffered pecuniary and actual damages due to alleged deceptive and unlawful practices, although Rushmore never made an attempt to collect a pre-petition debt and the Plaintiff was and is currently participating in a trial loan modification which was one of the options described in the letter. For these reasons, the Plaintiff's Complaint should be dismissed.

## **CONCLUSION**

Plaintiff's entire adversary complaint stems from an assertion that Rushmore mailed a loss mitigation letter directly to the Plaintiff in an attempt to collect a pre-petition debt, although the complete letter attached as Exhibit A points to the contrary. Furthermore, the letter included specific disclaimer language which explicitly stated that the correspondence was not an attempt to collect a debt and that it was for informational purposes only.

For these reasons, and as set forth above, Plaintiff's Complaint fails to set forth a cause of action upon which relief can be granted and therefore the Complaint must be dismissed with prejudice.

**WHEREFORE**, for the reasons set forth above Rushmore's Motion should be granted in its entirety.

Respectfully submitted,

/S/ Mina M. Beshara
Mina M. Beshara, Esquire
Leopold and Associates, PLLC
80 Business Park Drive, Suite 110
Armonk, NY 10504
Tel: (914) 219-5787
Email: mbeshara@leopoldassociates.com