**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
**In Re:**                                              Chapter 13
**AUDREY LAWES,**                          Case No.: 17-73877
                   **Debtor.**
-------------------------------------------------------------X
**AUDREY LAWES,**
                 **Plaintiff,**                **ADVERSARY PROCEEDING**

      **-against-**                                   **ADV. Pro. No. 18-08025**

**RUSHMORE LOAN MANAGEMENT**
**SERVICES, LLC.**
                 **Defendant.**
-------------------------------------------------------------X

**AFFIRMATION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**
**PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12 (b)(6), OR 12 (C); or**
**RULE 56**

**INTRODUCTION**

1. Plaintiff, Audrey Lawes ( hereinafter "Ms. Lawes" or "Plaintiff") filed an adversarial proceeding on February 20, 2018 in connection with Defendant, Rushmore Loan Management Services, LLC's, (hereinafter "Rushmore"), for its violation of the Fair Debt Collection Practices Act, the General Business Law Section 349 and a cause of action for violation of Ms. Lawes Automatic Stay which was verbally withdrawn at the Pre Motion Conference held on March 26, 2018 before this Honorable Court.

2. Rushmore specifically violated 15 U.S.C. 1692c (2), which very specific language with regard to prohibiting a debt collector from sending a communication **regarding a debt**, directly to a debtor if the Debt Collector knew or should have known that the debtor was represented by counsel.

3. Rushmore does not contest that it a debt collector as that term is defined by 15 U.S.C. 1692a (6) and also admits to being a debt collector in its letter dates December 14, 2017

(See Rushmore's affirmation in support paragraph 24 wherein Rushmore admits that …"Rushmore may be considered a Debt Collector under the FDCPA").

4. Thus, since Rushmore is a debt collector, and as demonstrated herein-below at length, the FDCPA is a strict liability statute, Plaintiff need only establish that Rushmore violated one of the plethora of regulations by which Rushmore, as a debt collector, must abide.

5. Plaintiff contends and amply demonstrates herein-below that Rushmore's direct communication with Ms. Lawes by letter dated December 14, 2017 was a violation of the FDCPA .

## PRELIMINARY STATEMENT

6. Ms. Lawes is a resident of Nassau County , New York as she lives with her family in her home located at 67 Tyconnell Street, Amityville, New York 11701.

7. Ms. Lawes suffered a temporary financial setback which caused her to amass debts that exceeded her income and also caused her to default on her mortgage loan against her family home.

8. As a result Ms. Lawes, an honest debtor, sought reprieve from her creditors and made the decision to voluntarily file for Bankruptcy Protection pursuant to Chapter 7 of the Bankruptcy Code.

9. Ms. Lawes' petition was filed by counsel on June 23, 2017.  See Plaintiff's **Exhibit "A".**

10. On the very same day that Ms. Lawes filed for Bankruptcy Protection, June 23, 2017, Rushmore was served with a Notice of Chapter 7 Bankruptcy, Meeting of Creditors & Deadlines as indicated by the Matrix of Creditors. See Plaintiff's **Exhibit "B"**.

11. On July 31, 2017, the Plaintiff filed a motion to convert the Chapter 7 Bankruptcy to a Chapter 13 which was granted by this Honorable Court by order dated August 23, 2017.

12. On August 23, 2017 Rushmore was again served with a Notice of the Bankruptcy in connection with commencement of a Chapter 13 Bankruptcy, wherein Rushmore was served with Notice of the Meeting of Creditors & Deadlines. See Plaintiff's **Exhibit "C".**

13. Thus, despite Rushmore being notified by this Honorable Court on two separate occasions of Ms. Lawes bankruptcy filings, on or about December 14, 2017, six months after actual notice of her Chapter 13 bankruptcy was received by Rushmore, Defendant willfully and intentionally sent a letter in connection with Plaintiff's alleged debt directly to Plaintiff as evidenced by the address contained on the letter sent to plaintiff.

## STATEMENT OF RELEVANTS FACTS

14. After receiving the letter from Rushmore which was addressed directly to Ms. Lawes at her home address, Ms. Lawes drove to her Bankruptcy Counsel's office, Aronow Law PC, and hand delivered the December 14, 2017 letter she had received from Rushmore, which was addressed directly to her despite her having filed for Bankruptcy **by counsel.** See Plaintiff's **Exhibit "D".**

15. The letter she received directly from Rushmore to her at her home concerning the status of her alleged debt to Defendant despite the fact that she was represented by counsel.

16. Defendant would have this Honorable Court either dismiss and/or find summary judgment in favor of the Defendant based upon two stated facts which are not supported by evidence in admissible form or corroborated by the empirical evidence contained in documents.

17. First defendant contends that Ms. Lawes complaint should be dismissed on the grounds that the letter which was sent to Ms. Lawes did not seek to collect a debt.

18. Defendant also seems to lump together all of the different sections of the FDCPA as if to say that each section is interpreted with a broad brush without specifically looking at the statutory language which it is claimed the defendant violated.

19. As discussed more fully below, the language of 15 U.S.C. 1692c (2) differs from that of other sections of the FDCPA such as 1692e which requires the debt collector to send a debt collection communication.

20. However, as overlooked and clearly misapprehended by Defendant, section 1692c does not require the communication sent to the debtor to be in furtherance of collection of a debt nor is a debt collector absolved of sending a letter directly to a represented party in connection with a debt because the letter contains a bankruptcy disclaimer, but rather, a violation of 15 U.S.C. 1692c occurs whenever a communication **in connection** with a debt is sent to a debtor when the debt collector knows debtor is represented by counsel.

21. Rushmore, knew or should have known that the Debtor was represented by counsel, but sent a letter directly to debtor anyway and thus a violation of the FDCPA was committed by Rushmore as and against Ms. Lawes.

22. Defendant's second contention is that even if the contents of the letter it sent are considered an attempt to collect a debt (which is not actually a prerequisite to a 1692c

FDCPA violation), the letter was not sent directly to the debtor but rather to debtor's counsel.

23. As proof of its contention Defendant points to a "complete" copy of the December 14, 2017 letter that it contends was sent to counsel only.

24. However, even on the face of the letter itself, there are a number of questions of facts raised by the bald declarations contained in defendant's moving papers.

25. First, the cover letter conveniently does not contain any verbiage to the letter which begins on the second page. Thus, the only information on the cover page is your affiant's firm address along with a bar code and some sort of code at the bottom of the page, which upon information and belief, appears to be a document number.

26. Strangely, neither the bar code, nor the document number appear on the second page of the letter.

27. What is also strange is that the cover letter also does not indicate whether the letter that was sent to counsel was carbon copied ("Cc'd") directly to the client.

28. Moreover, the second page of the letter which actually contains the contents of the collection letter is addressed directly to the client and not as is usual when a letter is also being sent to a client who is represented, addressed to the client "in care of" or c/o with the address of the law firm and not the client's actual address.

29. It may have been possible to understand the many contradictions in the letter, especially the fact that the letter never indicated anywhere that the letter was also Cc'd directly to the debtor and the debtor did in fact receive there own copy of the letter which shockingly did not contain the cover letter defendant claims went with the letter.

30. However, aside from the letter itself, which frankly raises serious questions of fact, the defendant has not produced a scintilla of other evidence in admissible form, which is required to prove prima facie entitlement to summary judgment which Defendant is seeking and which should rightfully be denied.

31. In Contrast, Plaintiff has annexed a sworn affidavit of merit from a person with actual knowledge that the Defendant mailed a communication in connection with a debt directly to the debtor, stating that received a letter directly from Defendant, that the letter was addressed to her as is clear from Defendant's exhibit and the receipt of the letter was shocking and emotionally disturbing to plaintiff considering she was represented by counsel and in the midst of a bankruptcy. See Plaintiff's **Exhibit "E".**

32. Further, since Defendant seemed to imply that Plaintiff was less than sanguine about receipt of the letter sans the cover sheet it claims it sent with the letter, Plaintiff felt compelled to take photographs of the letter which has been in her home since it was received several days after the December 14, 2017 date of the letter. See Plaintiff's **Exhibit "F".**

33. Defendant has failed to provide any proof that plausibly disputes the facts as set forth in Plaintiff's complaint.

34. To the contrary, plaintiff has demonstrated that the proof adduced is anything but unequivocal and thus, absent documentary evidence or proof in admissible form outside of the bald statements made by Defendant's counsel, the facts as pled by plaintiff in her complaint must be taken as true.

35. Further, since the document produced by Defendant absent any corroboration by other evidence actually raises triable issues of fact precluding Defendant from demonstrating prima facie entitlement to summary judgment pursuant to FRCP Rule 56.

36. As such, Defendant's motion should be denied in its entirety with prejudice.

## **ARGUMENT**

**POINT I**

DEFENDANT HAS FAILED TO ESTABLISH THAT PLAINTIFF FAILED TO SUFFICIENTLY PLEAD ITS CAUSE OF ACTION PURSUANT TO FDCPA 15 U.S.C. 1692c(2).

Legal Standard:

A court reviews motions for judgment on the pleadings pursuant to Rule 12(c) under the same standard as motions to dismiss pursuant to Rule 12(b)(6). *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). "To survive a Rule 12(c) motion, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir.2010)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the nonmoving party. *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011).

The FDCPA is a consumer-protection statute intended to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692. It provides that "any debt collector "who fails to comply with its provisions with respect to any person is liable to such person for damages. 15 U.S.C. § 1692k.9 Moreover, the FDCPA establishes rules governing the content and form of "communications." A "communication" is the "conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). An action to enforce liability under the FDCPA must be commenced within one year of a "violation." 15 U.S.C. § 1692k. An FDCPA violation accrues, at the latest, when a debt collection communication is received. *See Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 868 n.2 (2d Cir. 1992) (declining to decide whether an FDCPA cause of action accrues upon receipt of debt collection notice or upon date of mailing); *Ehrich v. RJM Acquisitions LLC*, No. 09-CV-2696 (BMC), 2009 WL 4545179, at *2 (E.D.N.Y. Dec. 4, 2009) (holding that cause of action accrues, at the latest, when consumer receives debt collection communication).

37. 15 U.S.C. 1692c(2) states in relevant part that:

> "Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer."

38. The FDCPA defines the term communication as the "conveying of information regarding a debt" *See Wright v. Phillips & Cohen Associates Ltd.* 12 CV-4281 (DRH) 2014 WL 4471396, (September 10, 2014)*See also Simon v. FIA Card Services, N.A. 732 F.3d 259 (3d. Cir. 2013)*

39. Thus, Rushmore, a self professed debt collector, can not convey information regarding a debt to the consumer in connection with the collection of any debt when the debt collector knew or should have known that the debtor was represented by a debt collector.

40. In fact, pursuant to 1692c, the standard for pleading was met by Plaintiff in her complaint because she alleged that she was sent a letter directly by the debt collector regarding her mortgage loan which was in default at the time that the letter was sent.

41. In fact, in a similar case decided in the Eastern District of New York, where a couple was served with a five day notice to quit where there was no language in an effort to collect the debt but rather was a communication in connection with the collection of a debt, the efforts of the debt collector to dismiss the case pursuant to FRCP 12 (b)6, 12 (c) and Rule 56 was also defeated since it is undisputed that a letter was addressed to the Plaintiff, there exists clear and convincing evidence that a letter was addressed to

plaintiff. See *Setton v. Cohen, Hurken, Ehrenfeld, Pomerantz and Tenenbaum, LLP*, 12-CV-4102 (RRM) (Dkt 27).

42. Plaintiff in the instant matter has presented evidence in admissible form that the letter was in fact mailed directly to her as the address on the letter clearly indicates, and Defendant cannot deny that the letter it sent qualifies as a letter sent qualifies as a communication in connection with the debt.

43. Thus, in accordance with the statute itself, which is a consumer protection statute meant to protect consumers from abusive practices by debt collectors including harassment (which does not necessarily require the debt collector to communicate about the collection of a debt in all sections of the law.

44. As in the instant case, a debt collector may not send a communication in connection with a debt to a represented consumer or debtor regardless of whether the communication in question is an attempt to collect a debt or merely in connection with a debt owed.

45. *De Minimus* a question of fact remains as to whether the letter was sent directly to the plaintiff even though Defendant has not presented any evidence to the contrary aside from a bald statement by counsel, and the Defendant also has not denied that the letter constituted a communication that was in connection with a debt, the other prerequisite to a violation of 15 U.S.C. 1692c(2).

46. It should also be pointed out that defendant has not pointed to one deficiency in Plaintiff's pleadings other than stating that the letter was only sent to Counsel for Plaintiff even though Plaintiff swears that she received the letter directly and the letter itself is addressed to her.

**Point II**

**Plaintiff Sufficiently Pled an Action for GBL Section 349.**

**Legal Standard: In order to a Plaintiff must Plead Three Elements 1. That the Business practice was deceptive; 2. That the action complained of is a consumer oriented transaction and that the harm complained of effects consumer at large; and 3. That Plaintiff was damaged by the actions of the violator.**

47. Since Defendant communicated with Plaintiff directly in violation of a Federal Consumer Protection Statute when they knew or should have known that the consumer was represented by counsel constitutes a deceptive business practice.

48. The second element of the Plaintiff's GBL claim is that the action be consumer oriented. Since it is clear from Defendants moving papers that it is common place to address substantive letters to debtors directly at their home address instead of in care of their attorneys, despite what a stand alone cover letter may have on it, upon information and belief, the policies and practices Rushmore appear to apply to all of their consumers regardless of whether the consumer is represented or not and thus, the action complained must effect consumers at large.

49. Finally, the Plaintiff suffered actual damages because the Plaintiff had to take time off work to travel to Counsel's office which she would not have to do but for the harassing and worrisome letter that it sent directly to the Plaintiff.

50. Further, Plaintiff had to expend monies for travel and for certified mailings.

51. As such

## CONCLUSION

For all of the foregoing reasons, Defendant's motion to dismiss pursuant to 12(b)(6) 12(c) and pursuant to Rule 56 must be dismissed in its entirety as to counts two and three of the Plaintiff's complaint with prejudice.

Dated: April 23, 2018
Woodbury, New York

                                  /s/ Eckor Joseph_____
                                  Eckor Joseph
                                  Attorney for Debtor/Plaintiff
                                  20 Crossways Park Drive, North Ste 210
                                  Woodbury, NY 11797
                                  (516) 762-6700